IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 16-CR-30038 |
| ) | |
| JAMES JOSHUA THOMPSON, ) | |
| ) | |
| DEFENDANT. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendant James Joshua Thompson's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 By a Person in Federal Custody ("§ 2255 Motion") (d/e 31). Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court must promptly examine the motion. If it appears from the motion and any attached exhibits that the petitioner is not entitled to relief, the Court must dismiss the motion and direct the Clerk to notify the petitioner. See Rule 4 of the Rules Governing Section 2255 Proceedings. A preliminary review of Thompson's § 2255

Motion shows that it must be dismissed because Thompson is not entitled to relief.

## I. BACKGROUND

On July 6, 2016, the grand jury charged Thompson with three counts of Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(b)(1)(A). Indictment, d/e 6. On February 23, 2017, the Government filed an Information Charging Prior Offenses, d/e 14, notifying Thompson that the Government intended to seek enhanced penalties pursuant to 21 U.S.C. § 851(a)(1) based on Thompson's prior felony drug conviction for possession with intent to distribute marijuana.

On April 21, 2017, Thompson appeared before United States Magistrate Judge Schanzle-Haskins and entered a plea of guilty to Count One of the Indictment pursuant to a written Plea Agreement. Plea Agreement, d/e 16. On May 9, 2017, the undersigned District Judge adopted the Report and Recommendation of Judge Schanzle-Haskins, accepted Thompson's plea of guilty to Count One of the Indictment, and adjudged Thompson guilty of the offense charged in Count One of the Indictment. Text Order, May 9, 2017.

In the Plea Agreement, the Government agreed to recommend a sentence at the low end of the applicable Guideline range, as determined by the Court, and to move to dismiss Counts Two and Three of the Indictment at the time of sentencing. Plea Agreement, ¶¶ 4, 17. In exchange, Thompson waived his right to appeal and his right to collaterally attack his conviction and sentence. Id. at ¶ 11. The waiver of the right to appeal contained an exception for a claim of involuntariness or ineffective assistance of counsel. Id. at ¶ 20. The waiver of the right to collateral attack contained an exception for those claims relating to the negotiation of the waiver or ineffective assistance of counsel. Id. at ¶ 22. Thompson signed the Plea Agreement below a provision that stated: "I fully understand this Agreement and accept and agree to it without reservation[.]" Id. at ¶ 31.

The Plea Agreement also identified the potential penalties. Because Thompson had a prior felony drug conviction, Count One carried a mandatory minimum term of twenty years' imprisonment. See id. ¶ 9.

The Minute Entry for the Change of Plea hearing reflects that the Court found Thompson competent. Minute Entry, Apr. 21,

2017. Thompson was advised of his right to trial by jury, the essential elements of the charge, and the potential penalties. Id. The Court discussed the Plea Agreement. Id. Thompson entered his plea of guilty, and the Court determined the guilty plea was knowing and voluntary. Id.

At the sentencing hearing held in September 2017, the Court sentenced Thompson to the statutorily mandated minimum of 240 months' imprisonment on Count One. Minute Entry, Sept. 25, 2017. The Court also imposed a ten-year term of supervised release, dismissed Counts Two and Three, and ordered Thompson to pay a $100 special assessment. Judgment, d/e 28. Thompson did not appeal.

On December 27, 2019, Thompson filed the § 2255 Motion now before the Court. Thompson moves the Court to vacate his sentence pursuant to 28 U.S.C. § 2255 and resentence him under the provisions of the First Step Act of 2018. Thompson asserts only one ground for relief in his § 2255 Motion—that under the First Step Act, a conviction for a violation of 21 U.S.C. § 841(b)(1)(A) combined with a § 851 enhancement now results in a mandatory

minimum sentence of fifteen years of imprisonment, rather than twenty.

## II. ANALYSIS

Section 2255 of Title 28 of the United States Code allows a federal prisoner to attack his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

**A. Thompson Waived His Right to Collaterally Attack His Sentence**

A defendant may validly waive the right to collaterally attack his conviction or sentence as part of a valid plea agreement. Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (citing Jones v. United States, 167 F.3d 1142, 1144–45 (7th Cir. 1999)). Courts generally uphold and enforce such waivers with limited exceptions. The limited exceptions include when the plea agreement was involuntary, the district court relied on a constitutionally impermissible factor at sentencing, the sentence exceeded the

statutory maximum, or the defendant claims ineffective assistance of counsel for performance directly related to negotiation of the plea agreement.  Id.

In this case, Thompson waived his right to bring a collateral attack except as to certain claims, including involuntariness and ineffective assistance of counsel.  Plea Agreement ¶ 22.  Nothing in Thompson's § 2255 Motion suggests that any of the limited exceptions set forth above apply here.  Thompson does not claim the plea agreement was involuntary, that the Court relied on a constitutionally impermissible factor at sentencing, that the sentence exceeded the statutory maximum at the time of sentencing, or that Thompson's attorney rendered ineffective assistance of counsel in negotiating the plea agreement.  For this reason, Thompson's § 2255 Motion is subject to summary dismissal.

**B. Thompson's § 2255 Motion is Untimely**

A one-year period of limitations applies to motions under § 2255.  28 U.S.C. § 2255(f).  The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Thompson's conviction became final under § 2255(f)(1) in October 2018, one year after the expiration of the period in which he could have filed an appeal. Recognizing that his § 2255 Motion would therefore be untimely, Thompson asserts that the Court may consider his late-filed motion under 28 U.S.C. § 2255(f)(4) based on a change in the law under which Thompson was convicted. That is, Thompson asserts that his motion is timely because he filed it within one year of the enactment of the First Step Act, which

modified the penalty enhancements in 28 U.S.C. § 851. Section 2255(f)(4), however, concerns "facts" that were previously unavailable. The enactment of the First Step Act of 2018 is not a "fact" within the meaning of § 2255(f)(4).

In Johnson v. United States, 544 U.S. 295 (2005), the Supreme Court determined that the vacatur of a defendant's prior state court conviction constituted a new "fact" for purposes of 28 U.S.C. § 2255(f)(4). Id. at 302. The Supreme Court reasoned that because the vacatur of the prior conviction was "subject to proof or disproof like any other factual issue," it was a "fact supporting the claim." Id. at 307.

However, courts have declined to expand this ruling to encompass every substantive change in the law. See Lo v. Endicott, 506 F.3d 572, 575 (7th Cir. 2007) (finding that under § 2244(d)(1)(c), a parallel limitations provision to § 2255(f)(4), state court rulings that modify the substantive law do not constitute a "factual predicate"). Likewise, an extension of Johnson is not warranted here because the enactment of the First Step Act is not a "fact" pertaining to Thompson's prior drug offense. The First Step

Act is not "subject to proof or disproof," but is rather a substantive legal change.

Construing every substantive change in the law as a new "fact" for the purposes of § 2255(f)(4) would render meaningless the limitations provision under § 2255(f)(3), which provides that § 2255 motions may be filed within one year of a retroactive change in the law as pronounced by the Supreme Court. Accordingly, because the enactment of the First Step Act is not a "fact" within the meaning of § 2255(f)(4), Thompson's motion cannot be deemed timely under that provision.

### C. Thompson is not Entitled to Relief Under the First Step Act

Additionally, the Court finds that summary dismissal is warranted on the merits. Section 401 of the First Step Act makes certain changes to sentencing enhancements for prior drug felonies as Thompson notes. Section 401(c) of the Act, however, states "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment.*" Pub. L. 115-391, § 401(c)

(emphasis added). Thompson's sentence for this offense was imposed on August 21, 2017, well before the First Step Act was enacted on December 21, 2018. By the plain language of the Act then, the provisions modifying the penalty enhancements for defendants with prior drug felonies do not apply to Thompson.

The Court has also considered whether Thompson may be eligible for relief under Section 404(b) of the First Step Act. Section 404 of the First Step Act grants the Court the authority impose a reduced sentence for a defendant convicted under subsection (A)(iii) or (B)(iii) of 21 U.S.C. Section 841(b)(1) as if Section 2 of the Fair Sentencing Act were in effect at the time the defendant's offense was committed. Section 2 of the Fair Sentencing Act raised the respective threshold amounts for violations of subsections (A)(iii) and (B)(iii) from 50 grams and 5 grams of cocaine base to 280 grams and 28 grams of cocaine base.

Thompson's offense of conviction, however, involved methamphetamine, not cocaine base. Therefore, Thompson's sentence in this case cannot be reduced under the First Step Act as Thompson was not sentenced for a 'covered offense' as that phrase is defined in the Act. See First Step Act of 2018 § 404(a), (b), Pub L.

115-391, 132 Stat. 5194 (Dec. 21, 2018).  The only prisoners eligible for retroactive sentencing relief under the First Step Act are those convicted of cocaine base offenses prior to the enactment of the Fair Sentencing Act in 2010.  Thompson was convicted of distributing methamphetamine in 2017, so that provision does not apply to him.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings For the United States District Courts, this Court declines to issue a Certificate of Appealability.  Reasonable jurists would not dispute that the action is barred by waiver and by the applicable period of limitations.  See 28 U.S.C. § 2253(c)(2).

### IV. CONCLUSION

Because it plainly appears from the Motion that the Motion is untimely and barred by waiver, and that Thompson is not entitled to relief, the Court SUMMARILY DISMISSES Defendant James Joshua Thompson's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 By a Person in Federal Custody (d/e 31).  The Clerk is directed to notify Thompson of the

dismissal and to close Case No. 19-cv-03301.


ENTER: March 17, 2020

FOR THE COURT:

                              <u>/s/Sue E. Myerscough</u>
                              SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE